COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-071-CR

CHARLES WALTER HILL, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

A jury found appellant Charles Walter Hill, Jr. guilty of aggravated robbery with a deadly weapon and assessed his punishment at thirty-six years’ incarceration.  We affirmed the conviction on appeal.
(footnote: 2)  Appellant complains in this subsequent appeal that the trial court abused its discretion in denying his postconviction motion for DNA testing because it found that identity was not an issue based solely on his written confession.  We affirm.

After his arrest, appellant provided the following written confession to the police:

I had seen this fellow that was going to his car and I had said to a group of people I was with “where was the gun?” and they said “in the bushes” and I went and got it.  It was an old rusty revolver.  I went over there and I stuck the guy up.  I took just his little jewelry and his wallet and his white car.

Appellant later denied making the confession to the police and entered a plea of not guilty. 

In reviewing a trial court’s decision on a motion for DNA testing, we employ a bifurcated standard of review.
(footnote: 3)  We defer to the trial court’s determination of issues of historical fact and issues that turn on credibility and demeanor, while we review de novo whether the trial court was required to grant a motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.
(footnote: 4) 

A trial court is not required to grant a request for DNA testing unless the statutory preconditions are met.
(footnote: 5)  Under article 64.03(a)(1)(A) and (B), a trial court is required to grant an appellant’s motion for DNA testing only if the court finds (1) that DNA evidence still exists in a condition that makes DNA testing possible, and (2) that identity was or is an issue in the case.
(footnote: 6)  Article 64.03(b) further provides that

   [a] convicted person who pleaded guilty or nolo contendere in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea.
(footnote: 7)
 Contrary to appellant’s suggestion that the trial court based its ruling solely on his written confession, the record reflects that the trial court also found that no DNA evidence exists.  Appellant does not challenge the trial court’s finding that no DNA evidence exists.  He argues only that article 64.03(b) prohibited the trial court from considering his written confession for purposes of determining whether identity was an issue when it denied his motion for DNA testing.  Because appellant’s motion for DNA testing was properly denied on the finding that there is no DNA evidence in existence that makes DNA testing possible, we do not reach the question of whether it was proper for the trial court to consider appellant’s written confession in determining whether identity was an issue. 

Accordingly, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 7, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Hill v. State
, No. 02-97-00704-CR (Tex. App.—Fort Worth Aug. 27, 1998, no pet.) (not designated for publication). 

3:
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

4:
Whitaker v. State
, 160 S.W.3d 5, 8 (Tex. Crim. App.), 
cert. denied
, 543 U.S. 864 (2004);
 Rivera
, 89 S.W.3d at 59.

5:
Bell v. State
, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). 

6:
Tex. Code Crim. Proc. Ann.
 art. 64.03(a) (Vernon Supp. 2006). 

7:
Id. 
art. 64.03(b).